STATE *vs*. EDWARD LEFEBVRE.

JUNE 1, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This complaint and warrant charged the defendant with unlawfully operating a motor vehicle on a public highway of this state while under the influence of intoxicating liquor in violation of general laws 1938, chap-

ter 88. After a trial in the superior court the jury found the defendant guilty as charged. The trial justice denied his motion for a new trial and thereafter he duly prosecuted his bill of exceptions to this court.

The only exceptions briefed and argued are to the refusal of the trial justice to grant the defendant's motion, made at the termination of the state's case, that the charge against him be dismissed and to several rulings of the trial justice excluding evidence. His other exceptions have not been briefed or argued and are deemed to be waived.

It appears from the evidence that in the late afternoon of December 24, 1948 defendant, who was alone, was operating a truck on his way to the town of East Providence from the town of Westerly where he had been delivering ice cream. About 5:30 p.m. as he was proceeding in a northerly direction on the Nooseneck Hill road in the town of Hopkinton his truck tipped over in such a way as to block both lanes of the highway. He testified that there was snow on the sides of the road making that part somewhat slippery, and that in going down a hill he applied his brakes, thereby locking a front wheel and causing him to lose control of the truck which ran into the snowbank on the right side of the road and overturned. He later complained of a pain in his neck but apparently was not otherwise injured.

About 6:15 p.m. a member of the state police arrived at the scene of the accident and immediately put in a call for assistance as the highway was blocked in both directions. He decided that because of the appearance, conduct and manner of speech of the defendant, who stated that he was the operator of the truck, he should be examined by a doctor in order to ascertain whether or not he was under the influence of intoxicating liquor. However, the state trooper considered that his first duty was to clear the highway for traffic and this he proceeded to do. Within ten minutes a second member of the state police appeared in response to the call for assistance and he told defendant

that he was to be taken to a doctor and examined for drunken driving. This trooper also testified that he then informed defendant of his right to get in touch with a doctor of his own choice. Defendant does not question the correctness of the trooper's testimony in this respect.

The latter brought defendant in a police car to the office of a doctor in Hope Valley, who gave him a thorough examination starting at about 7:15 p.m. Certain tests were given and he was also asked numerous questions. In response to some of these he stated to the doctor, among other things, that he had several drinks at a bar in Westerly between 3:30 and 4:30 p.m., describing them as a "quart of wine" and also as three glasses of Port wine. He further said that he had eaten nothing since about 6:30 o'clock on the morning of the accident. The doctor testified that, as a result of the examination, it was his opinion defendant at that time was under the influence of alcohol and was not fit to operate an automobile. It also appears in evidence that when the latter first went into the office he was again told by the same state trooper of his right to call a doctor of his own choice for the purpose of examination, but he made no request or attempt to do so.

After the examination the trooper brought defendant to the state police barracks at Hope Valley where he formally made the complaint upon which the instant warrant was issued. The sergeant in charge at the barracks testified that defendant was brought in at 8:05 p.m.; that he was then told he had been pronounced unfit to operate a motor vehicle; and that he could have his own doctor called on the telephone. Defendant fumbled with the pages of the telephone directory and the sergeant asked what doctor he wished to call. He named a doctor who practiced in Providence and the sergeant made the call for him. The doctor, however, was not in and the sergeant then turned the telephone over to defendant who talked with the attendant in the doctor's office. Defendant testified that he did not remember doing this and that he was

in a daze. The next day after being arraigned in the district court he was driven to Providence by his son and was there examined about noontime by his own doctor who was a witness in the superior court.

The defendant's motion that the charge against him should be dismissed is based on his contention that the state did not comply with a portion of general laws 1938, chapter 104, §1, clause 1. Such statute in substance provides that a person who has been arrested and charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor shall be informed immediately by the officer so arresting or charging him that he has the right immediately after his arrest to be examined at his own expense by a physician selected by him and also afforded a reasonable opportunity to exercise such right. Furthermore at the trial the prosecution must prove that such person was so informed and was afforded such opportunity. Defendant argues that the state did not prove he was afforded a reasonable opportunity to be examined by a physician at his own expense. He also calls attention to the use in two instances in the statute of the word "immediately" and urges that such condition was not satisfied.

That word is defined in 42 C.J.S. 391, 393, in a strict sense and also in a broader relative sense. We are of the opinion that as used in the statute under consideration it should be defined in the latter sense. Defendant apparently agrees with this view since in his brief the following definition is suggested: "within such convenient time as is reasonably requisite, or may be reasonably necessary, under the circumstances, to do the thing required; without unnecessary, unreasonable, or inexcusable delay, under all the circumstances."

In denying defendant's motion to dismiss, the trial justice decided that on the evidence the state had shown that the provisions of the statute had been complied with. Upon consideration we cannot say that in view of all the facts

and circumstances of the present case such decision was clearly wrong if the word "immediately" is given the meaning hereinbefore set out. It appears from the evidence that the accident happened in the open country and not in a closely built-up district or in a city. In order to carry out their duties the state police obviously had to travel some appreciable distance and some time necessarily elapsed before the examination could be completed and the defendant afforded a reasonable opportunity to call a doctor of his own choice. There is no indication that time was unreasonably or unnecessarily wasted. However, there is evidence that the state trooper who had the defendant in charge twice informed him of his rights respecting examination, once before leaving the scene of the accident and again in the office of the doctor who made the examination. Upon arrival at the police barracks the same information was given to defendant by the sergeant in charge thereof who in fact called the office of a doctor with whom defendant desired to communicate. When it appeared that the doctor could not then be reached defendant did not insist upon any other call being made. It is our conclusion therefore that defendant's exception in the circumstances should be overruled.

Defendant has an exception to a ruling of the trial justice sustaining the state's objection to a question asked one of the state troopers in cross-examination as to what kind of alcohol he smelled on defendant's breath when talking with him. The question raised an immaterial issue, the ruling was proper, and this exception is overruled.

Another exception relates to the sustaining of the state's objection to a question in cross-examination asked the sergeant in charge of the police barracks. The question sought to elicit whether or not the two state troopers had made certain statements to the sergeant. Upon its rejection no offer of proof was made. Further, a part of the information apparently desired by the defendant, according to his argument, was introduced in evidence thereafter

264

without objection. We find no prejudicial error in the ruling of the trial justice and defendant takes nothing by this exception.

His remaining exception is to the disallowance of testimony by defendant's doctor relating to his opinion or conclusion as to defendant's condition on the day of the accident. The transcript shows that such testimony was to be based on an examination made the day following the accident, and further that after the state's objection had been sustained the evidence sought to be brought out by defendant was thereafter substantially introduced by him through another series of questions. It is our opinion that the error, if any, was harmless and the exception is without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.