LORENZO DEMARCO *et al. vs.* JOHN F. D'ERRICO, *Ex'r.*

FEBRUARY .19, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an appeal from a decree of the probate court of the city of Providence admitting to probate the purported last will and codicil thereto of Maria De-Marco, late of said city. In the superior court the case was tried to a jury which returned a verdict sustaining the will and codicil. The case is here on the appellants' bill of ex-

ceptions which contains forty-one exceptions. However, they are relying only upon the first five which are to rulings on evidence and the last exception which is to the denial of their motion for a new trial.

The executor called as his first witness the clerk of the probate court who was asked what action was taken in that court.. Over the objection of appellants he was permitted to answer that the will was allowed for probate. The trial justice stated at the time of the objection that he would take care of that problem in his charge, and he did so when he instructed the jury that "whatever happened there has no bearing here * * *." Had the appellants wished to have the trial justice caution the jury at the time they took their exception he doubtless would have done so. Furthermore, the appellants' reasons of appeal state this very fact, and since the pleadings go to the jury the jury would have known what happened in the probate court. In any event if the ruling excepted to was technically erroneous it was cured by the charge. This exception is overruled.

There is nothing in appellants' brief about exception 2 and nothing was said about it in the argument. Therefore it is deemed to be waived. The other exceptions which have been neither briefed nor argued are deemed to be waived.

The appellants' exception 3 is to the court's allowing the purported will to be marked as an exhibit after an attesting witness had testified as to its formal execution and had expressed her opinion, without objection, that the testatrix was of sound mind. The appellants argue here that the attesting witness should have been required to state the facts upon which she based her opinion, but as there was no objection to the question that argument is not open to them. The procedure followed was in accordance with Rule 31 b. of the Rules of Practice of the Superior Court which reads as follows: "On appeals from probate of a will, the proponent shall be required, in putting in his case, only to

submit the formal evidence of execution and capacity." This exception is overruled.

The appellants' exceptions 4 and 5 are to the refusal of the trial justice to allow them to ask the attesting witness whether Maria DeMarco told the witness how she wanted her will made out. This was not in cross-examination of anything brought out in direct examination since in direct examination this witness was only asked the usual questions relative to the formal execution of the will. The appellants were given reasonable latitude in their cross-examination of this witness and it was within the discretion of the trial justice to limit them. In view of what we have said, the trial justice did not abuse his discretion in making this ruling. See *T. N. Glass Corp.* v. *Adolph Aron & Son*, R. I., 147 Atl. 667. These exceptions are overruled.

The last exception, numbered 41, which was to the denial of the motion for a new trial, is without merit. The sole argument made to us was that because the only evidence of testamentary capacity was the opinion of the attesting witness above referred to that the testatrix was of sound mind, the verdict on this point was unsupported. The appellants completely overlook the fact that when the codicil was offered two lawyers were the attesting witnesses. They testified that they had known Maria DeMarco all their lives and that they were living near her when she executed the codicil. They further testified, without objection, that she was of sound mind. The codicil republished the will, and even had the testatrix been of unsound mind at the time of the execution of the will this republication when she was of sound mind validated the will. 57 Am. Jur., Wills, §628, p. 429.

On the issue of testamentary capacity, the trial justice in denying the motion for a new trial stated: "* * * so far as the mental capacity is concerned, there is absolutely no evidence that a jury could have found that she was not

mentally capable of making that will or codicil * * *." This exception is overruled.

All of the appellants' exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*John DiLibero,* for appellants.

*Ralph Rotondo, Luigi Capasso,* for appellee.

