STATE *vs.* ALBERT POOLE, JR.

JANUARY 27, 1964.

PRESENT: Condon, C. J., Roberts, Paolino and Joslin, JJ.

CONDON, C. J.   This is a criminal complaint for operating a motor vehicle on a public highway while under the in-

fluence of intoxicating liquor in violation of G. L. 1956, §31-27-2. The case was tried to a jury in the superior court and at the conclusion of the evidence the defendant moved for a directed verdict which motion was denied. The jury thereupon returned a verdict of guilty and thereafter the trial justice denied the defendant's motion for a new trial. The case is here on his bill of exceptions to such denials and to a certain evidentiary ruling.

It appears from the evidence that defendant was observed by a police officer of the city of Providence operating a motor vehicle on George M. Cohan Boulevard in that city at about 10:30 p.m. on March 2, 1957. The officer also noticed that he was weaving from the left lane to the right lane of traffic. He stopped him to investigate further and thereupon noted a strong odor of alcohol on his breath. This together with defendant's facial expression led the officer to inquire of defendant if he had been drinking.

The defendant admitted that he had had "a couple" of beers. Thereupon the officer called on his car radio for his superior, Sergeant Andrukiewicz, to come to the scene. About ten minutes thereafter the sergeant arrived and asked defendant to step out of his car. He too noticed the odor of alcohol and that defendant's speech was thick and his walk unsteady. He then informed defendant that he was going to take him to the police station to be examined by the police surgeon and that he could call his own doctor.

According to the sergeant, defendant made no reply to that suggestion. However, after the police surgeon pronounced him under the influence of liquor and unfit to operate, defendant was again advised of his right to have his own physician examine him. He called several doctors but was unable to get one, it being then almost midnight. There was conflict in the testimony on this point. Lieutenant Lucey testified that defendant could have made calls at about 11:15 p.m.

In the course of his direct examination the police surgeon was asked the following question: "From your diagnosis of this case in which he was pronounced unfit to operate an automobile, are you in a position to determine whether or not the man having only two 12 ounce bottles of beer would be in the condition you found him." The defendant objected thereto but the surgeon answered: "Two 12 ounce bottles of beer would not, he would not be in such a condition if he had only two, from my findings." The trial justice thereupon ordered the answer stricken. The defendant nevertheless contends that the prejudice thereby created was not removed, especially in view of the fact that the surgeon had previously been permitted to testify that he had examined 3,000 persons and thus an impression that he was an expert on the effects of alcohol had been ineradicably created in the minds of the jury.

The defendant takes nothing by this exception. His objection to the specific testimony which had crept into the record was sustained. In our opinion the testimony of the police surgeon with reference to his experience in the examination of persons suspected of being under the influence of liquor was not improper. We are unable to see how such admissible testimony could have later resulted in furnishing the basis for a claim of prejudice because of the inadmissible testimony which was promptly stricken. In any event it is ordinarily too late to predicate prejudicial error on testimony which has already been admitted without objection by coupling such testimony with later objectionable testimony. See *DeMarco v. D'Errico,* 87 R. I. 117.

Under his exception to the denial of his motion for a directed verdict defendant contends that the evidence is uncontradicted that the police failed to accord him the full benefit of G. L. 1956, §31-27-3. That section reads as follows:

> "A person arrested and charged with operating a motor vehicle while under the influence of narcotic drugs

or intoxicating liquor, whatever its alcoholic content, shall have the right to be examined at his own expense immediately after his arrest, by a physician selected by him, and the officer so arresting or so charging such person shall immediately inform such person of this right and afford him a reasonable opportunity to exercise the same, and at the trial of such person the prosecution must prove that he was so informed and was afforded such opportunity."

There is no question but that defendant was informed of such right by Sergeant Andrukiewicz at the scene of the arrest about ten minutes thereafter and again a short time later by Lieutenant Lucey at the police station. There is also no question but that defendant availed himself of the opportunity to call a doctor of his own choice. Whether this opportunity was available as early as 11:15 p.m. or not until almost midnight is in dispute. On consideration of defendant's motion for a directed verdict, however, this conflict as well as all questions of credibility of the witnesses and of inferences from the evidence must be resolved in favor of the state. State v. Edwards, 89 R. I. 378.

Under this rule the trial justice was warranted in concluding that defendant had been notified of his right about ten minutes after his arrest and given an opportunity to call a doctor at or about 11:15 p.m. On this view of the evidence the only question remaining was whether the action of the police was a substantial compliance with the mandates of the statute that the arresting officer shall inform the defendant of his right "immediately after his arrest * * * and afford him a reasonable opportunity to exercise" such right. The trial justice apparently concluded that this was a question for the jury and therefore denied defendant's motion.

We are of the opinion that he did not err in so doing. These mandates in favor of the person accused are a matter of proof incumbent upon the state. The language of the statute expressly provides, "and at the trial of such per-

son the prosecution must prove that he was so informed and was afforded such opportunity."

There was evidence from which the jury could conclude that he was informed of his right "immediately" within the fair meaning of that word as used in the statute and consistently with the circumstances of his arrest on the highway and his detention at the police station. *State* v. *Lefebvre,* 78 R. I. 259. In any event the evidence before the court was not such that the trial justice would have been warranted in ruling as a matter of law that defendant had not been "immediately" informed of his right under the statute.

As to the question whether he had been afforded a reasonable opportunity to exercise his right, the evidence is in conflict. The state claimed that he had been afforded such opportunity not later than about 11:15 p.m. The defendant claimed it was almost midnight. The resolution of this conflict was for the jury and it was for them to say when the opportunity was actually given and whether it was reasonable considering the time which had elapsed since defendant's arrest on the highway and his transfer to the police station. The defendant's exception to the denial of his motion for a directed verdict is therefore overruled.

In view of the foregoing it is not necessary to discuss the evidence further on the consideration of defendant's exception to the denial of his motion for a new trial. It is sufficient to say that we have read the trial justice's decision and we are satisfied that in passing on the motion he performed his duty according to the rule laid down in *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292, and in a long series of cases since. It is clear therefrom that he exercised his independent judgment of the evidence and of the credibility of the witnesses and came to the conclusion that the verdict was not contrary to the weight of the credible evidence and did substantial justice between the parties.

This being so we cannot disturb his decision unless in our opinion it is clearly wrong. From our examination of the transcript we are unable to come to such a conclusion and therefore the defendant's exception to the denial of his motion for a new trial must be overruled.

All of the defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for further proceedings.

PAOLINO, J., did not participate in the decision.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*William R. Goldberg, Ronald R. Gagnon,* for defendant.