366 A.2d 543.

STATE *vs.* BRYAN WILLIAM JENNINGS.

DECEMBER 6, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal by the defendant from a conviction in Superior Court adjudging him guilty of driving under the influence of intoxicating liquor in violation of G. L. 1956 (1968 Reenactment) §31-27-2, as amended.

A complaint and warrant were filed in District Court and transferred to Superior Court for trial. On December 28, 1971, defendant filed a motion to suppress the results of the breathalyzer test alleging that the warrantless search and seizure was unconstitutional under the fourth amendment to the United States Constitution.

The record before us indicates that nothing further transpired until January 4, 1974, when defendant filed a motion to dismiss. The docket contains no record of any hearing on the motion to suppress and no explanation for the time lapse of over two years between the two motions. From the decision of the trial justice it appears, however, that

the motion to suppress was denied, and the motion to dismiss was denied on January 17, 1974. After another unexplained lapse of some 18 months, the case came to trial on July 8, 1975, on which date defendant was adjudged guilty and a decision by a Superior Court justice was rendered, and a judgment of conviction was entered from which defendant seasonably filed his appeal to this court.

Before us, defendant first argues that G. L. 1956 (1969 Reenactment) §12-7-3(c) is unconstitutional as it infringes on his immunity to unlawful searches and seizures. He contends that the constitutional standard for warrantless arrests is based on the common law wherein an officer may arrest a person without a warrant only if he is has reasonable grounds to believe that the person has committed or is committing a felony or has committed or is committing a misdemeanor in the officer's presence. He argues that §12-7-3(c) fails to meet this standard and is an infringement of the rights guaranteed by R.I. Const. art. I, §§6 and 23 and by the due process clause of the U.S. Const. amend. XIV.

The defendant contends that his arrest was illegal because it was made on the basis of an alleged offense constituting a misdemeanor which was not committed in the presence of the arresting officers. (Driving under the influence of intoxicating liquor is a misdemeanor under §31-27-2(c).) Even if §12-7-3(c) is constitutional, defendant contends that there was no probable cause to believe he was in flight, a necessary prerequisite to warrantless arrests for misdemeanors under §12-7-3(c).

The defendant is also contesting the constitutionality of §31-27-2.1, as amended, the so-called "implied consent statute" which in essence says that consent to a breathalyzer test is implied by the act of driving a motor vehicle on the highway. The defendant asserts that it is a violation of due process to "coerce" him into taking a breath-

alyzer test since the alternative would be to lose his operator's license for six months. Section 31-27-2.1. He further argues that the mailing of the results of the breathalyzer test should have been by registered or certified mail in accordance with §31-2-18 rather than by ordinary first class mail as noted in §31-27-2(b)(3), and therefore evidence of the test should not have been admitted at trial.

At this point we direct attention to the fact that procedure in appeals to this court from Superior Court is governed by the Supreme Court Rules.

The record contains no transcript either of the trial or of the motions to suppress or to dismiss. Indeed the only reference to any testimony or evidence is contained in the decision of the trial justice wherein he recited his recollection of testimony given at the hearings. The decision of the trial justice is the only transcript or record ordered and filed by defendant. Such a record in our opinion cannot be construed as a transcript of the proceedings below and falls far short of the record required by Sup. Ct. R. 10.

The procedure for the record on appeal is contained in Sup. Ct. R. 10 which closely follows Fed. App. R. 10 and is virtually the same procedure which had been provided for in Super. R. Civ. P. 75 which was repealed when the Supreme Court Rules became effective on September 1, 1972.

Under Sup. Ct. R. 10(b)[1] defendant was required to file

---

[1]Supreme Court Rule 10(b) reads as follows:

"(b) The Transcript of Proceedings; Duty of Appellant to Order; Notice to Appellee if Partial Transcript is Ordered. Within ten (10) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record and a statement of the specific points upon which he intends to rely on

a transcript of the proceedings below in this court. It appears from the record that defendant simply did not comply with the provisions of Sup. Ct. R. 10(b) since the record shows that he ordered from the reporter only a transcript of the decision of the trial justice.

It is the responsibility of defendant under Sup. Ct. R. 10(b) to order from the reporter a transcript of the proceedings he deems necessary for inclusion in the record, or if a partial transcript is ordered he is required to give notice to the appellee of the parts of the transcript to be included in the record in order that the appellee may take such steps as provided in the Rule to obtain such other parts of the transcript which he may deem necessary. This defendant failed to do. Consequently there is no transcript of the testimony in the court below contained in the record. In the absence of the transcript or other adequate record of the proceedings in the court below, we are unable to consider the issues raised by defendant's appeal.

In the state of the record before us, we therefore have no alternative but to dismiss the appeal and affirm the Superior Court judgment.

The defendant's appeal is denied and dismissed the judgment appealed from is sustained and the case is remanded to the Superior Court.

*Julius C. Michaelson,* Attorney General, *Robert S. Goldman,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.

---

the appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary he shall immediately order such parts from the reporter or procure an order from the trial court requiring appellant to do so. The ordering and payment of the copies of the transcript shall be in accordance with the rules of the trial court."