### Joseph T. WOOD, Jr.

v.

### Mary–Ellen DURKIN.

### No. 2001–70–Appeal.

Supreme Court of Rhode Island.

June 14, 2002.

Robert J. Cosentino, Providence, for Plaintiff.

H. Jefferson Melish, Wakefield, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on April 15, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Joseph T. Wood (Wood or plaintiff), filed a complaint for divorce against the defendant, Mary–Ellen Durkin (Durkin or defendant), in July 1997. Durkin entered a *pro se* appearance, and approximately one year later, through an attorney, filed her answer to the complaint, requesting that plaintiff's complaint be dismissed and that judgment be entered in her favor. No counterclaim accompanied defendant's initial pleadings. Subsequently, defendant filed a motion for temporary support, and plaintiff was ordered to pay to defendant $103 a week in spousal support. The plaintiff failed to comply with the order and was found to be in contempt. The plaintiff subsequently failed to appear for two hearings to show cause why he should not be incarcerated "one day at a time" until he complied with the court order. A trial date was subsequently set and the trial justice ordered that trial would commence "whether or not plaintiff appeared." On March 14, 2000, anticipating that plaintiff may not appear and prosecute his claim, defendant filed a counterclaim for divorce. The plaintiff did not file an objection or an answer to defendant's counterclaim. Rule 13(a) of the Family Court Rules of Procedure for Domestic Relations provides that,

> "[a] pleading shall state as a counterclaim any claim within the jurisdiction of the Court which at the time of serving the pleading the pleader has against any opposing party * * *."

Clearly, defendant should have filed her compulsory counterclaim with her initial answer to the complaint. Notwithstanding this omission, at the commencement of trial on June 29, 2000, in the absence of plaintiff and over the objection of plaintiff's attorney, trial proceeded on defendant's counterclaim. Having once again failed to appear, plaintiff's case was dismissed by the Family Court justice. At the conclusion of trial, the trial justice entered judgment granting defendant's counterclaim for divorce on the grounds of irreconcilable differences. On appeal, plaintiff argues that the trial justice committed reversible error in allowing the trial to proceed on an improperly filed counterclaim. We disagree.

Although it is undisputed that Rule 13 was not honored in this case, we recognize that all state court rules of procedure are intended to promote the "just, speedy, and inexpensive determination of every action." *Martin v. Howard,* 784 A.2d 291, 296 (R.I. 2001). The frustrations created in dealing with such a recalcitrant litigant as plaintiff are readily apparent, but we in no way condone the practice of disregarding the mandates and directives of the Family Court Rules of Procedure. In the case before us, however, we are not convinced that the trial justice's decision to proceed on the compulsory counterclaim was reversible error. Rule 13(f) permits the trial justice within his discretion to allow an amendment to the pleadings to permit defendant to counterclaim for divorce.[1] Indeed, in *Serra v. Ford Motor Credit Co.,* 463 A.2d 142, 150 (R.I.1983), we held that in situations in which a plaintiff would not be prejudiced by permitting a party to amend his or her pleadings, refusal to allow an amendment to the pleadings may amount to reversible error. In the case at bar, plaintiff filed a claim for divorce and defendant's counterclaim likewise was for divorce. The plaintiff, therefore, was adequately apprised of the issues, and in light of the date certain, should have been prepared to proceed to trial. Accordingly, had the trial justice granted a motion to amend the pleadings, plaintiff would not have been prejudiced. Similarly, although the rules allow time for a plaintiff to prepare an answer to a counterclaim, plaintiff neither answered nor objected to the counterclaim when it was filed. Thus, proceeding on the counterclaim in this case, in the absence of plaintiff's answer, did not disadvantage plaintiff. Rather, plaintiff was not permitted, through his persistent absence and refusal to comply with the court's orders, to manipulate the proceedings to his wife's disadvantage.

Finally, although plaintiff's counsel raised an objection to proceeding on the counterclaim, counsel failed to articulate the basis for his objection. "It is well settled that this [C]ourt will not review issues that were not preserved for appeal by a specific objection at trial." *State v. Pineda,* 712 A.2d 858, 861 (R.I.1998).

Accordingly, for the reasons set forth herein, the plaintiff's appeal is denied and dismissed and the judgment of the Family Court is affirmed. The papers in this case are remanded to the Family Court.

---

1. Rule 13(f) of the Family Court Rules of Procedure for Domestic Relations provides that: *"Omitted Counterclaim.* When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."