**Supreme Court**
No. 2015-142-Appeal.

Kaylyn Bailey et al.          :

      v.                         :

Neil Saunders d/b/a Red Door Rentals.   :

**O R D E R**

The defendant-landlord, Neil Saunders, appeals pro se from a Superior Court judgment in favor of the plaintiff-tenant, Kaylyn Bailey, after a trial before a justice sitting without a jury. The trial justice ordered that the defendant-landlord pay the plaintiff-tenant a total sum of $3,517.96 to compensate her for rent paid in advance and for damage to personal property.[1] On appeal before this Court, the defendant in essence questions the trial justice's factfinding.[2]

The trial justice found that the defendant breached the lease agreement when he accepted rent from the plaintiff to reserve a room in an apartment while simultaneously allowing a third party to occupy that same room. On appeal, the defendant argues that the trial justice's findings were incorrect because he had not, in fact, allowed a third party to occupy the rented room. The defendant further contends that the trial justice erred because he failed to accord sufficient weight to the testimony of the defendant's witness. It is significant, however, that the defendant did not include the transcript of any of the Superior Court proceedings within the record on appeal.

---

[1] The Superior Court heard the case on defendant's de novo appeal from the Sixth Division District Court, which also found for plaintiff.
[2] The defendant did not appear at oral argument.

We have previously said that:

> "The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." 731 Airport Associates, LP v. H & M Realty Associates, LLC ex rel. Leef, 799 A.2d 279, 282 (R.I. 2002) (citing DePetrillo v. Coffey, 118 R.I. 519, 521 n.1, 376 A.2d 317, 318 n.1 (1977)).

Article I, Rule 10(b) of the Supreme Court Rules of Appellate Procedure requires the appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." In this case, the defendant did not order nor provide, in whole or in part, the transcript of the Superior Court proceedings. It is evident from the defendant's Rule 12A statement that this appeal is not "limited to a challenge to rulings of law that appear sufficiently on the record" and that the defendant does not in fact "accept[] the findings of the trial justice as correct" as 731 Airport Associates requires. 731 Airport Associates, 799 A.2d at 282. Rather, it is precisely the trial justice's factual findings with which the defendant takes issue. Because we have not been provided with a transcript of the Superior Court proceedings, we are unable to consider the issues raised by the defendant in this case.[3]

---

[3] This case is similar to State v. Jennings, 117 R.I. 291, 366 A.2d 543 (1976), where the defendant also failed to provide this Court with the transcript of Superior Court proceedings. The Court in that case held:

> "It is the responsibility of [the] defendant under Sup.Ct.R. 10(b) to order from the reporter a transcript of the proceedings he deems necessary for inclusion in the record, or if a partial transcript is ordered he is required to give notice to the appellee of the parts of the transcript to be included in the record in order that the appellee may take such steps as provided in the Rule to obtain such other parts of the transcript which he may deem necessary. This defendant failed to do. Consequently there is no transcript of the testimony in the court below contained in the record. In the absence of the transcript or other adequate record of the

Accordingly, we affirm the judgment of the Superior Court. The record in this case may be remanded to the Superior Court.

Entered as an Order of this Court this 6th day of January, 2017.

By Order,

_____/s/_____
Clerk

---

proceedings in the court below, we are unable to consider the issues raised by defendant's appeal.

"In the state of the record before us, we therefore have no alternative but to dismiss the appeal and affirm the Superior Court judgment." Id. at 294, 366 A.2d at 545.



**TITLE OF CASE:**     Kaylyn Bailey et al. v. Neil Saunders d/b/a Red Door Rentals.

**CASE NO:**     No. 2015-142-Appeal.
(PD 14-4527)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     January 6, 2017

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Richard A. Licht

**ATTORNEYS ON APPEAL:**

For Plaintiffs:   Karenann McLoughlin, Esq.

For Defendant:   Neil Saunders, Pro Se