Justice Flaherty, dissenting. I respectfully dissent from the holding of the majority in this case. Although the majority avoids the issue of whether the elements of collateral estoppel were met, for the reasons I previously set forth in dissent in State v. Pacheco, 161 A.3d 1166, 1177 (R.I. 2017) (Flaherty, J., dissenting), reasons that I incorporate in this dissent, I am firmly of the opinion that those elements were satisfied in this case and that, as a result, collateral estoppel applies.[1] Moreover, I respectfully disagree with the majority’s conclusion that applying collateral estoppel to the facts of this case would be inequitable. In my opinion, the balance of equities tilts decidedly in the defendant’s favor. Where, as here, collateral es-toppel is tinged by double jeopardy, equity demands its application.[2] In this case, after hearing testimony from two Bristol police officers, a magistrate of the Traffic Tribunal dismissed the charge of exceeding reasonable and prudent speeds that had been brought against defendant. In doing so, the magistrate found as a fact that there was insufficient evidence to prove that defendant had been driving. In my view, it is significant that the state had prior notice of the hearing that was to take place on that charge.[3] It is also significant to me that there was no appeal of the magistrate’s finding that there was insufficient evidence that defendant had been operating a motor vehicle— an essential element of both speeding and driving under the influence, serious bodily injury resulting. I can reach no other conclusion than that, at that point, a judgment had been rendered that defendant was not driving on the night of February 14, 2014, and that the preclusive effect of collateral estoppel had attached. According to the majority, even assuming that collateral estoppel applies, the application of the doctrine in this scenario would create an inequitable result. Respectfully, I cannot agree. There may be cases where the application of collateral estoppel to a judgment of the Traffic Tribunal may create an inequitable result, but this is not that case. Indeed, it seems to me to be far more inequitable to require a defendant to defend twice for essentially the same conduct than to apply collateral estoppel to a final judgment of a court of competent jurisdiction. For those reasons, it is my opinion that the state’s opportunity to contest whether defendant was operating the motor vehicle had closed. Because “an issue of ultimate fact” — :that is, whether defendant was driving — was “determined by a valid and final judgment, that issue cannot again be litigated * * State v. Gautier, 871 A.2d 347, 358 (R.I. 2005) (quoting State v. Werner, 865 A.2d 1049, 1055 (R.I. 2005)). The elements of collateral estoppel were satisfied and the doctrine should have been applied. When weighing the equities at issue in this case, it is better, I respectfully conclude, that we apply collateral estoppel than require defendant to defend himself a second time on a charge arising from an identical fact pattern. For those reasons, I would vacate the judgment of the Superior Court. .Although not a live issue in State v. Pacheco, 161 A.3d 1166 (R.I. 2017), I am of the opinion that privity — the third element of collateral estoppel — has been established in this case. In my view, there was a sufficient mutuality of interest between the town of Bristol and the state when the town prosecuted defendant for exceeding reasonable and prudent speeds, a violation of a state statute, G.L. 1956 §31-14-1. See Duffy v. Milder, 896 A.2d 27, 36 (R.I. 2006) ("Parties are in privity when ‘there is a commonality of interest between the two entities’ and when they ‘sufficiently represent' each other's interests.” (quoting Commercial Union Insurance Co. v. Pelchat, 727 A.2d 676, 680 (R.I. 1999)); see also Black’s Law Dictionary 1394 (10th ed. 2014) (defining privity as “[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property); mutuality of interest”). . "It is * * * apparent that the doctrine of collateral estoppel is a subdoctrine of double jeopardy but would apply in both civil and criminal cases. When a court of competent jurisdiction has decided an issue of ultimate fact, that fact may not be relitigated between the same parties.” State v. Pineda, 712 A.2d 858, 864 (R.I. 1998) (Weisberger, C.J., dissenting). . The record reveals that the state had notice that defendant had been charged with exceeding reasonable and prudent speeds. In an exchange at a pretrial hearing with a police detective from Bristol — one of the police officers who later prosecuted defendant for the traffic offense — the hearing magistrate — the Traffic Tribunal's chief magistrate — said: "Detective, this matter involves a reasonable and prudent speed, and there was an accident, and I am under the understanding that there may be a felony attached to it and so the [Attorney General] might be involved.” The • detective responded: "That's correct.” Indeed, in addition to that colloquy, the chief magistrate, after hearing of the severity of the accident and confirming that the state planned to charge defendant with a felony, directed that a telephone call be placed to a representative of the Attorney General's office. The fact that the state had notice of the traffic offense and intended to charge defendant with the more serious offense of driving under the influence,, serious bodily injury resulting, further-cements my view that collateral estoppel should be applied as a bar against further litigation of the same facts.