### In re ASHLEY D.

### No. 92–259–Appeal.

Supreme Court of Rhode Island.

March 17, 1993.

Susan Fink, Jane Woronov, Court-appointed Sp. Advocate, Nicole Sammartino, DCYF, Providence, for plaintiff.

Jane DeSimone, DeSimone & DeSimone, Providence, for defendant.

### OPINION

PER CURIAM.

This case came before this court on March 1, 1993, pursuant to an order directed to the defendant to appear and show cause why we should not summarily decide the issues raised by his appeal. After hearing the arguments and reviewing the memoranda of counsel, we believe the defendant failed to show cause.

The defendant in this case is the stepfather of a child named Sandra F. and the natural father of a child named Ashley D. The Department for Children, Youth, and Their Families (DCYF) charged defendant with neglecting Ashley. At trial, testimony from Sandra demonstrated that defendant had sexually molested Sandra repeatedly during a period of close to nine years. There was no evidence indicating that defendant had sexually molested Ashley. The court stated:

"[T]he Court does find [Sandra's] testimony credible, and considering all the testimony, the Court finds that she is believable, and the Court does find that there is clear and convincing evidence of sexual molestation of Sandra by [defendant]. And based on that, the Court

does find also by clear and convincing evidence that the daughter, Ashley[,] is at harm in this household, in that [defendant] has committed an act of sexual abuse against Sandra, and therefore, that creates substantial risk of physical or mental injury to Ashley."

On this appeal defendant claims (1) that the trial court erred in allowing Sandra to testify in camera, out of the presence of defendant, and (2) that DCYF failed to prove by clear and convincing evidence that Ashley had been neglected because there was no evidence of harm to her. Both of these arguments are without merit.

■ First, in regard to the question of the in-camera testimony, this court has held that in civil proceedings to determine parental rights the defendant has no right to face-to-face confrontation. *In re Michael C.*, 557 A.2d 1219, 1221 (R.I.1989). In addition, any prejudice defendant may have suffered from not being present during the in-camera interview was mitigated by the fact that the trial court allowed defense counsel to be present during the testimony and pose questions directly to the child witness.

■ The defendant's second argument, that DCYF failed to prove neglect by clear and convincing evidence because Ashley had not yet been physically or mentally harmed, is also without merit. This court has held:

"[E]vidence of harm to one child of a family is relevant to the issues raised by a dependency-and-neglect petition regarding another child of the family[.] * * * There is no requirement that a court wait until a child is actually harmed before such court provides the protection of the state." *In re Luz J.*, 447 A.2d 1148, 1152 (R.I.1982).

We believe the record supports the trial court's determination that DCYF proved its petition by clear and convincing evidence.

For these reasons the defendant's appeal is denied and dismissed, and the judgment of the Family Court is affirmed.