In re VERONICA T., et al.

No. 97–0085–A.

Supreme Court of Rhode Island.

Oct. 10, 1997.

Frank P. Iacono, Jr., E. Greenwich, for Plaintiff.

Thomas J. Corriagn, Jr., Francis R. Williams, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The respondent father appeals from a Family Court decree finding his oldest child, Veronica (date of birth, May 9, 1986), to have been abused by her father and finding the remaining four children to have been neglected by their father. The respondent claims the trial justice should not have allowed several witnesses to testify about out-of-court statements allegedly made to them by Veronica. These statements implicated him in the sexual abuse of Veronica. We ordered the parties to show cause why the appeal should not be disposed of summarily. No cause having been shown, we proceed to resolve this matter without further briefing or argument.

A nurse practitioner, a school nurse, and a school social worker testified at trial concerning various out-of-court statements made to them by Veronica. These statements identified respondent as the person who sexually abused her. The trial justice admitted them into evidence pursuant to G.L.1956 § 14–1–69, which reads, in part, as follows:

> "In any custody and/or termination trial * * * the court may, in its discretion, permit as evidence any statement by a child under the age of thirteen (13) years old about a prescribed [*sic*] act of abuse, neglect, or misconduct by a parent or guardian, if that statement was made spontaneously within a reasonable time after the act is alleged to have occurred, and if the statement was made to someone who the child would normally turn to for sympathy, protection, or advice."

The respondent argues that Veronica's statements were made at least two weeks after the alleged abuse occurred; therefore, he claims, they should not have been admitted under the statute. But this court has interpreted § 14–1–69 as a statute that liberalizes the common law test for admission of a child's out-of-court statements concerning physical and sexual abuse. *In re Deborah M.*, 544 A.2d 572, 574 (R.I.1988). To be admissible, such statements must have been communicated spontaneously to a trusted adult; there is no requirement, however, that the child be under the stress of nervous excitement at that time. *Id.*

Here, Veronica's communications with the nurse practitioner represented the child's first opportunity to speak with a medical professional about the alleged abuse. She made these statements spontaneously during a hospital visit that included a physical examination corroborating the sexual abuse. Although the abuse took place at least two weeks prior to this communication, this was not an unreasonable length of time because Veronica had no previous opportunity to speak with a doctor or a nurse on this subject. In any event respondent failed to object to this testimony at trial before it was

admitted into evidence and therefore cannot now be heard to complain about it on appeal.

■ Similarly Veronica's subsequent statements to the school nurse and to the social worker, made a few days after the hospital visit, were also properly admitted into evidence under the statute. The school social worker testified that she was summoned to Veronica's school at Veronica's request. She stated that Veronica said she had told the school nurse that she wanted to speak with her (the social worker) because " 'she is my friend' " and because she had previously spoken with her. Such statements appear to us to be the type of communications that are eligible for admission under § 14-1-69. When the alleged incident of abuse took place at least two weeks earlier, Veronica attempted to tell her mother about it but her mother replied that it must have been a dream. As a result, Veronica turned to other adults to whom "the child would normally turn * * * for sympathy, protection, or advice." Section 14-1-69.

The circumstances of this case are also distinguishable from those of *In re Jessica C.*, 690 A.2d 1357 (R.I.1997). There the out-of-court statements had been made several months after the children had been removed from the home and placed in foster care. Also the children had made previous disclosures of abuse and had had ample opportunity for reflection. *Id.* at 1360. Given those circumstances, we held that the statements should not have been admitted under the statute. *Id.* at 1361. But in this case Veronica was still living in the same home as her father when she spoke with the nurse practitioner and other witnesses.

■ The respondent also contends that there was insufficient evidence to support a finding that he sexually abused his daughter. A determination that a child has been abused "shall be made upon clear and convincing evidence." R. Juv. P. 17(b). The clear-and-convincing standard requires that the factfinder form a " 'clear conviction without hesitancy of the truth of the precise facts.' " *Parker v. Parker*, 103 R.I. 435, 442, 238 A.2d 57, 61 (1968). The truth of those facts must, in addition, be "highly probable." *Id.*

■ The factual findings of the trial justice concerning whether this clear-and-convincing evidence burden has been satisfied are entitled to great weight. Indeed such findings generally will not be disturbed on appeal unless they are clearly wrong or unless the trial justice misconceived or overlooked material evidence. *In re Zachary A.*, 690 A.2d 853, 854 (R.I.1997). In adhering to this deferential standard of appellate review, this court peruses the record of a challenged abuse ruling "to determine if legally competent evidence exists to support the findings of the trial justice" and to make sure that the Department of Children, Youth and Families "proved its petition * * * by clear and convincing evidence." *Id.* (quoting *In re John W.*, 682 A.2d 930, 932 (R.I.1996) and *In re Ashley D.*, 621 A.2d 1258, 1259 (R.I.1993)). Here the trial justice, as a factfinder, bore the responsibility of determining which (if any) of Veronica's statements should be credited, including the earlier ones she made naming her father as the alleged perpetrator and her more recent utterances implicating her uncle. Relying upon the evidence presented and the possible motive for the child to change her story to keep the father with her family, we conclude that the trial justice did not err or abuse her discretion in finding the former statements to be more credible than the child's belated efforts to blame her uncle for the abuse.

■ Finally, the respondent alleges that the trial justice denied him the opportunity to examine Veronica fully regarding a possible sexual encounter with a friend that might account for the physical evidence of abuse. The respondent's seventh question to Veronica during her direct examination on this topic was met with an objection by the petitioner. The trial justice sustained the objection on the ground that the form of the question was leading. The respondent chose not to rephrase or otherwise pursue the topic but abandoned the subject and took up another line of questioning. "[L]eading questions are generally not allowed on direct examination." *State v. Toole*, 640 A.2d 965, 975 (R.I.1994). The question of whether a particular question is leading is a determination that lies within the sound discretion of

the trial justice, and a decision to preclude leading questions on direct examination will not be disturbed unless it is shown to be an abuse of discretion or to pose a " 'danger of substantial injury' " to the inquiring party. *Id.* Although a trial justice certainly has discretion to permit a child witness to be examined on direct examination by the use of leading questions, we are unable to conclude that the trial justice abused her discretion or inflicted any substantial injury upon the respondent by sustaining the objection to the leading question that was posed to the child witness in this case.

For these reasons, the respondent's appeal is denied and dismissed.