David A. BROWN

v.

Cathy L. JORDAN.

No. 97–278–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Richard P. D'Addario, Tiverton.

Nicholas L. Colangelo, Providence.

**ORDER**

This case came before a panel of the Supreme Court on October 20, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided. The plaintiff, David A. Brown (Brown), has appealed from an order denying his motion to adjudge the defendant, Cathy L. Jordan (Jordan), in contempt. The defendant, in turn, has appealed from an order denying her motion to suspend Brown's visitation rights. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown in either appeal. Therefore, the appeals will be decided at this time.

Jordan and Brown are the unmarried natural parents of Christopher Jordan (Christopher), born on June 27, 1993. Christopher lives with his mother. Animosity between the parties existed at least as far back as May, 1994, when Jordan filed a paternity suit against Brown. Jordan alleged that in January, 1997, she began to suspect that Brown had sexually abused their son during a weekend visit. The Department of Children, Youth and Families investigated the matter and a private sexual abuse evaluation was carried out. While these investigations were under way, in February and March of 1997, Jordan denied Brown access to Christopher

despite an existing order granting visitation. In March, as a result of the independent sexual abuse evaluation, Jordan brought a motion to suspend visitation, and Brown moved for an order of contempt against Jordan and for a change of custody.

A justice of the Family Court heard all of the outstanding motions in May, 1997, during which ten witnesses testified over three days. In her twenty-nine page decision, the trial judge reviewed the testimony and credibility of each witness in detail and found that Brown had not sexually abused Christopher by a preponderance of the evidence presented. The judge also found that Jordan was not in contempt for denying visitation by Brown and found insufficient grounds for a change in custody.

This Court's "review of a decision of a family court justice is deferential. We do not disturb the trial justice's findings of fact unless it can be shown that he or she has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong." *Oduyingbo v. Oduyingbo*, 685 A.2d 280, 280 (R.I.1996) (mem.) (citing *Duke v. Duke*, 510 A.2d 430 (R.I.1986)). In her appeal, Jordan alleged that the trial justice overlooked and misconceived evidence in respect to the conclusion of her expert witness, Nancy Jasper (Jasper), that Christopher had been sexually touched. Jasper was qualified as an expert in clinical social work with a specialization in child abuse treatment and evaluation. It is well-settled that a Family Court justice's determination of the credibility of an expert will not be disturbed on review unless it is clear from the transcript that the court erred in reaching its result. *In re Frederick*, 546 A.2d 160, 164 (R.I.1988) (citing *Lee v. Raymond*, 456 A.2d 1179, 1184 (R.I.1983)). In this case, the Family Court justice carefully weighed the testimony of the witnesses, including that of Jasper. In her decision, the Family Court justice stated, "[S]everal things struck me about Ms. Jasper, and they weren't positive." Her testimony, for example, revealed that notwithstanding a long history of acrimony between the two parents, Jasper neglected to interview Brown before forming her opinion.

Additionally, the justice expressed concern that in spite of inconsistent statements from Christopher concerning whether or not the alleged sexual touching occurred and the lack of any corroborating evidence such as any symptoms of depression or sexualized behavior from Christopher, Jasper concluded that Christopher's father had sexually touched him. "When I go through her testimony her and her report that this child was as inconsistent as he was consistent, at least in terms of the location, certainly not in terms of the substantive expression, and the fact that counseling is not indicated until he shows another symptom to me speaks" to the conclusion that the allegation is unfounded. ·

Jordan also contended that the Family Court justice erred by ignoring Jasper's uncontradicted and unimpeached testimony. Michele Gariepy, the DCYF child abuse investigator for the case, however, was called by Brown and testified that her investigation showed that the allegation of sexual touching was unfounded. The trial justice noted that this particular DCYF employee had testified many times previously before her and has a reputation for being "extremely sensitive to issues like that and almost would find a perpetrator behind every tree, if some child said this."

It is our conclusion that the Family Court justice was not clearly wrong in finding that Christopher did not display any of the typical symptoms of a victim of child sexual abuse. She stated, "I find no corroboration here * * * in his demeanor [or in] the fact that he's never been upset when he says it." The judge pointed out that, although depression and sexualized behavior could be corroborative symptoms of sexual abuse, such symptoms were absent in this case. She pointed to the testimony from Jasper that Christopher did not need counseling unless more symptoms developed. The only testimony during the hearing that referred to Christopher as other than a "friendly", "gregarious", "on-track" little boy occurred when Jasper said he was "sad" when he spoke about a broken pumpkin, sadder than when he spoke of the alleged sexual touching, and when his teacher said he behaved differently after the weekend visitations began. The trial judge

was not clearly wrong in concluding, "[T]he fact that this child is different after visits is normal. It is not abnormal, it is normal. That in no way corroborates that something foul is going on during the visits."

For the foregoing reasons, Jordan's appeal is denied and dismissed. We also conclude that the trial judge did not err in ruling that there were insufficient grounds to find Jordan in contempt. Because a restraining order did issue pending the outcome of this case, Jordan's actions did not constitute contempt. Therefore, Brown's appeal is also denied and dismissed.

In conclusion, the orders appealed from are affirmed, and the papers in this case are remanded to the Family Court.

Justices FLANDERS and GOLDBERG did not participate.