## In re CHRISTOPHER J.

### No. 97–340–A.

Supreme Court of Rhode Island.

Nov. 23, 1998.

Frank P. Iacono, Jr.; Thomas J. Corrigan, Jr., Washington Crossing, PA, Anthony E. Angeli, Jr., Providence.

Richard P. D'Addario, Tiverton, Nicholas L. Colangelo, Providence.

### ORDER

The Department of Children, Youth and Families (DCYF) appeals from the dismissal of a sexual abuse petition filed against the respondent David A. Brown (Brown). After a conference before a single justice of this Court, the appeal was assigned to the full court in session for conference pursuant to Rule 12(A)(3)(b) of the Supreme Court Rules of Appellate Procedure. Having considered DCYF's appeal, we conclude it appropriate at this time to decide this case without further briefing or argument.

Brown and Cathy L. Jordan (Jordan) are the unmarried natural parents of Christopher, who was born on June 27, 1993. On March 13, 1997, DCYF filed a sexual abuse petition in the Family Court, alleging that Brown had committed a sexual assault on Christopher. A similar allegation had been earlier made in a domestic dispute proceeding between Brown and Jordan which involved a visitation and custody dispute regarding Christopher. In that proceeding seeking to suspend visitation rights, Jordan had alleged that she suspected Brown of

having sexually abused their son during a weekend visit. Brown responded by filing his motion to adjudge Jordan in contempt and to change custody from Jordan to himself.

A justice of the Family Court heard those motions during a three-day hearing during which ten witnesses testified. In a twenty-nine page decision, the justice reviewed the testimony and assessed the credibility of each witness in detail, and found by a preponderance of the evidence that Brown had not sexually abused Christopher. On appeal, this court affirmed the trial justice's ruling in that case. *Brown v. Jordan,* 723 A.2d 799 (R.I.1998).

Shortly after entry of that Order, the Family Court justice scheduled a hearing on DCYF's pending abuse petition. for some unexplained reason, the case appeared on the hearing calendar one week earlier than scheduled, but all parties and counsel were present. Brown moved to dismiss the abuse petition, and the justice stated that she was inclined to dismiss it unless any party could show any reason why she should not do so. Counsel for DCYF then responded that "If your Honor would dismiss it without prejudice, I would have no problem with that."

The justice thereupon dismissed the abuse petition, and DCYF filed a timely appeal. On appeal, DCYF asserts that the justice erred in dismissing the petition *sua sponte,* because she was without authority to do so. We believe, however, the record clearly discloses that the trial justice did not dismiss the petition *sua sponte.* Rather, she dismissed it after a brief hearing had been held on the written dismissal motion filed by Brown. Moreover, Rule 26 of the Rules of Juvenile Procedure reads in pertinent part, "Unless otherwise stated, a dismissal before trial shall be without prejudice. A dismissal after trial shall be with prejudice unless otherwise stated." In this case, the dismissal occurred before trial, and therefore was without prejudice, a disposition that DCYF's counsel had stated would be acceptable. Because counsel for DCYF stated in open court that such dismissal without prejudice would be acceptable, we conclude no basis for this appeal.

For the foregoing reasons, the appeal is denied and dismissed. The order of dismissal without prejudice is affirmed, and the papers in this case are remanded to the Family Court.