Sylvia Carolina AFRICANO

v.

Frank R. CASTELLI.

No. 94–211–Appeal.

Supreme Court of Rhode Island.

Nov. 17, 1999.

Lisa A. Geremia, Providence, for Plaintiff.

Constance M. Pannone, Smithfield, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

GOLDBERG, Justice.

The plaintiff, Sylvia Carolina Africano (Africano), and the defendant, Frank R. Castelli (Castelli), were married on July 4, 1987. Their only child, Francesca Africano (Francesca), was born on December 8, 1988. On February 15, 1992, when Francesca was three years and two months old, she reported to her maternal grandmother, Gladys Rezendes, that her father had "touched" her "pee-pee." Subsequently, Francesca's story was reported to the Department of Children, Youth and Families (DCYF), who contacted the Cranston police department. Following an investigation by Detective Richard Cragin of the Cranston police department, Castelli was charged by information with one count of second-degree child molestation.

On January 19, 1993, Africano and Castelli were granted an absolute divorce based upon irreconcilable differences that had led to the irremediable breakdown of the marriage. Africano was awarded sole custody of Francesca with physical placement. The issue of visitation was not finalized at that time because of the pending criminal charges against Castelli. In May 1993, a judgment of acquittal was entered in the Superior Court after the state's case collapsed because of Francesca's reluctance to testify at trial.

In June 1993, the issue of custody and visitation was addressed by a justice of the Family Court. Numerous witnesses testified on behalf of both Africano and Castelli concerning the issue of Castelli's right to visitation. On October 14, 1993, the trial justice concluded that there was sufficient evidence to find that Castelli had sexually abused his daughter. Castelli was restrained and enjoined from having any contact with Francesca until he engaged in sexual offender treatment and only with the permission of the court. Castelli has appealed.

### Standard of Review

◼ In reviewing a custody ruling of the Family Court, our task is to determine whether the trial justice has abused his or her discretion. *Sammataro v. Sammataro*, 620 A.2d 1253, 1254 (R.I.1993). When reviewing a decree of the Family Court, the trial justice's findings are afforded great weight, and shall not be disturbed unless they are clearly wrong or unless the trial justice overlooked or misconceived material evidence. *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989).

### Discussion

Castelli raises numerous issues in his brief. However, most issues were not adequately preserved for appellate review or are complaints about factual determinations by the trial justice and require no analysis by this Court. Therefore, we shall proceed to address only those issues that we deem significant.

### A. Burden of Proof

◼ Castelli claims that the trial justice failed to recognize the involvement of the state, particularly DCYF, in this case, and failed to base his conclusions on clear and convincing evidence. He argues that although DCYF did not file a petition in this case alleging abuse, neglect, or dependency or seeking the termination of his parental rights, the role of DCYF in the presentation of evidence was "abundantly

clear and crucial" to Africano's proving her case. He therefore suggests that the trial justice should be bound to the more stringent standard of clear and convincing evidence enunciated in *In re Veronica T.*, 700 A.2d 1366 (R.I.1997); *In re Zachary A.*, 690 A.2d 853 (R.I.1997), and as provided by Rule 17(b) of the Family Court Rules of Juvenile Proceedings. However, Castelli failed to bring this issue to the attention of the trial justice, thereby waiving his right to raise on appeal his theory regarding the appropriate standard of proof. "It is well settled that this court will not review issues that were not preserved for appeal by a specific objection at trial." *State v. Pineda*, 712 A.2d 858, 861 (R.I.1998). "[A]llegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level." *State v. Toole*, 640 A.2d 965, 973 (R.I.1994). We are satisfied that Castelli had the opportunity at trial to argue the applicability of the clear and convincing evidence standard to the facts of this case but failed to do so. Therefore, his right to raise this issue on appeal has been waived.

 Further, had the issue been preserved for appellate review, we conclude that the appropriate standard of proof for domestic relations proceedings, including custody determinations, is by a preponderance of the evidence. The cases on which Castelli relies, *In re Veronica T.* and *In re Zachary A.*, involved DCYF petitions brought under G.L.1956 § 14–1–11, where proof by clear and convincing evidence is the appropriate evidentiary standard. Likewise, Rule 17(b) mandates the application of clear and convincing evidence to cases involving abuse, neglect, dependency, and termination of parental rights. The present case involves a custody and

visitation issue stemming from a divorce proceeding, where the proper standard is proof by a preponderance of the evidence. *Brown v. Jordan*, 723 A.2d 799, 800 (R.I. 1998). Therefore, despite the fact that this issue was not properly preserved, we are satisfied that the trial justice did not err in making his findings based upon a preponderance of the evidence.

## B. Expert Testimony

Castelli argues that the trial justice abused his discretion when he admitted, on behalf of Africano, the expert testimony of Laurence Hirshberg, Ph.D., a clinical psychologist, and Kathleen Newman (Newman), a social worker who holds a masters' degree in social work. Castelli also challenges the fact that the trial justice relied on their subjective interpretations about Francesca that Castelli claims "lacked any indicia of reliability." He claims that Dr. Hirshberg had a "lack of experience" in child sexual abuse cases and that Newman's testimony was "questionable."

We conclude that the issue of the qualifications and experience of Dr. Hirshberg as an expert witness was not preserved for appeal; therefore, we shall not address that issue at this time. However, regarding Newman's qualification to render an opinion in this case, this type of evidence from social workers who are engaged in counseling the child should be received, if at all, with the utmost caution. We have previously expressed our concern regarding testimony by social workers who have made a "diagnosis" of child sexual abuse, and conclude that such determinations should be looked upon with extreme caution. *See In re Kelly S.*, 715 A.2d 1283 (R.I.1998).[1]

---

1. This case stands in contrast to our decision in *In re Jean Marie W.*, 559 A.2d 625 (R.I. 1989), where we upheld the discretionary determination of the trial justice in allowing a social worker to render a diagnosis based on her status as a registered independent clinical social worker, and note that the social worker was not engaged in counseling the child. Further, the evidence of sexual abuse of the child-victim in that case was overwhelming and was supported by the testimony of two physicians who conducted physical examinations of the child for treatment of sexually transmitted diseases.

■ In the present case the trial justice accorded little weight to Newman's testimony, stating that "while experienced in the area of child sexual abuse, and perhaps a well-intentioned and well-meaning individual, [Newman] came before the court * * * in the court's judgment as a zealous advocate on a crusade to see that justice was done in this case." Further, he noted that "[n]umerous times Miss Newman stated she didn't recall and she was vague in her testimony when the court felt that she may have been holding back some information that may have been helpful to the father." Therefore, we are satisfied that Newman's testimony had little or no impact on the trial justice's findings and conclude that his decision in this case was not impermissibly tainted by this questionable testimony nor was it clearly wrong.

## C. Visitation

■ Finally, the Family Court ordered that Castelli have no contact with Francesca "until he seeks treatment," stating that

"if willing, if he so desires, to begin his course of treatment, the court would also refer, if he is ready, Mr. Castelli to Dr. Berger at least for [the] initial interview to determine what program should be established for him so, hopefully, he at some point in time could resume visitation with the child."

Castelli argues that the trial justice abused his discretion when, as a condition for any future visitation, he ordered him to interview with Merrill Berger, Ph.D., for a referral to a sex-offender program. Dr. Berger was Africano's rebuttal witness in the Family Court proceedings, and Castelli argues that she was an inappropriate person to whom Castelli should have been referred. We agree and are satisfied that Dr. Berger is not an unbiased professional in this case.

We also note that Castelli has continued to support Francesca financially throughout these proceedings and continues to deny he acted inappropriately toward his daughter. We conclude that at this time—six years after the decision of the trial justice—enforcement of an order of referral for counseling as a precondition to visitation would be pointless. Additionally, we recognize that Francesca's therapy for post-traumatic stress disorder secondary to sexual abuse (as diagnosed by the aforementioned therapist and social worker) terminated shortly after the Family Court's decision in her mother's favor. These factors weigh heavily with us on the issue of whether Castelli should be allowed to visit with Francesca without undergoing the course of treatment mandated by the trial justice.

We addressed the issue of a visitation order requiring a parent to obtain professional counseling as an alternative precondition to visitation in *Suddes v. Spinelli,* 703 A.2d 605 (R.I.1997). In *Suddes,* we stated that "[v]isitation rights are to be strongly favored and will be denied only in an extreme situation in which the children's physical, mental, or moral health would be endangered by contact with the parent in question." *Id.* at 607. Applying that test to the case at hand, we conclude that the evidence does not indicate that Francesca's physical, mental, or moral health would be endangered by allowing Castelli to have supervised visitation with his daughter.

■ Although we are not satisfied that the trial justice was clearly wrong in ordering that Castelli attend counseling, we note that the passage of time may have rendered this issue moot. We therefore remand the matter to the trial justice to set up a reasonable supervised visitation schedule forthwith without the counseling requirement as a precondition to visitation. Whether the visitation should proceed beyond the point of supervised visitation is a matter left entirely to the discretion of the trial justice.

## Conclusion

We have carefully considered each of the other arguments raised by Castelli and

deem them to be without merit. For the foregoing reasons the appeal is sustained in part and denied in part, the Family Court's order is affirmed as modified, and the papers in the case shall be remanded to the Family Court so that a new order may be entered consistent with this decision.