Justice GOLDBERG,
concurring.
I concur in the majority’s decision in this case. I write separately, however, in order to reiterate this Court’s concern as expressed in previous opinions about the potential for reversible error when the state seeks to exclude defense witnesses or limit evidence sought to be introduced by criminal defendants. Whether in the context of motions in limine or unrecorded conferences in chambers, when defendants are precluded from calling witnesses in order to introduce probative and relevant defense evidence, the likelihood of reversible error is manifest. It is, after all, the defendant’s trial.
This Court has stated that we “cast a jaundiced eye to the overuse of motions in limine.” State v. Scanlon, 982 A.2d 1268, 1275 n. 11 (R.I.2009). All too often the constitutional safeguards guaranteed to criminal defendants under the state and federal constitutions are impacted, and this Court is left with no choice but to vacate the resulting convictions. See, e.g., State v. Clark, 974 A.2d 558, 563 (R.I.2009); State v. Andujar, 899 A.2d 1209, 1213, 1221-22 (R.I.2006); State v. Oliveira, 730 A.2d 20, 23-24 (R.I.1999); State v. Haslam, 663 A.2d 902, 909-11 (R.I.1995). As a result, this Court has cautioned prosecutors seeking to exclude defense evidence and trial justices who are confronted with a request by the state to limit or exclude defense witnesses, to proceed with caution and to create an adequate record. See Clark, 974 A.2d at 564 (“Likewise, when faced with a request by the state in a criminal case to limit or exclude evidence, it is incumbent upon the trial justice to conduct a voir dire hearing or otherwise carefully review the challenged evidence and cautiously exercise his or her discretion, ever mindful of the potential for prej^ udicial error.”).
The majority correctly notes that this Court will disturb a decision of the trial justice to limit the scope of examination only when the trial justice has abused his discretion and prejudicial error results. See State v. Brown, 709 A.2d 465, 473 (R.I.1998). However, as this Court previously has stated, “[c]lear abuse occurs when a defendant is prejudiced because his or her attorney is not allowed to engage in what is otherwise an appropriate line of cross-examination.” State v. Wright, 817 A.2d 600, 610 (R.I.2003) (citing State v. Tempest, 651 A.2d 1198, 1212 (R.I.1995)). This is equally applicable when a defendant is precluded from calling a witness to present probative defense evidence. “A request by the state to limit or exclude the presentation of defense witnesses in a criminal trial should be received with caution and carefully reviewed by the trial justice, who, although exercising his or her *1053 broad discretion to determine its relevance, is faced with the potential for prejudicial error to the defendant.” State v. Milliken, 756 A.2d 753, 756 (R.I.2000).