May 13, 2021

**Supreme Court**

No. 2019-249-Appeal.
No. 2020-79-Appeal.
(P 15-246M)

Lowell Harris          :

v.          :

Priscilla Evans.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

**Supreme Court**

No. 2019-249-Appeal.
No. 2020-79-Appeal.
(P 15-246M)

Lowell Harris          :

v.          :

Priscilla Evans.          :

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  These consolidated appeals came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  In appeal No. 19-249-A., the defendant mother, Priscilla Evans, appeals from a decision and order of the Family Court granting joint custody of the parties' minor child[1] to the defendant and the plaintiff father, Lowell Harris, with physical placement awarded to the defendant.[2]  In appeal No. 20-79-A., the defendant appeals from a decision

---

[1] The minor child was born on July 25, 2014, and is six years old.

[2] The plaintiff appeared *pro se* before this Court and throughout the Family Court proceedings.

- 1 -

and order of the Family Court finding her in contempt of a prior visitation order.[3] After considering the parties' written and oral submissions, we conclude that cause has not been shown and proceed to decide this case without further briefing or argument. For the reasons set forth herein, we affirm the judgments of the Family Court.

We are confronted with a years-long contentious conflict between these parents regarding visitation and custody of their minor son that spans most of the child's life. We need not belabor this unfortunate saga that plaintiff was forced to undertake in order to obtain joint custody and visitation with his son. We provide a brief recitation of the facts relevant to each appeal.

## No. 19-249-A.

On May 20, 2015, plaintiff filed a complaint against defendant in the Family Court seeking to modify custody and to obtain visitation rights to his minor child. The defendant filed an answer seeking sole custody of the child, with plaintiff receiving reasonable rights of supervised visitation. On February 1, 2016, an order entered awarding defendant temporary physical placement and directing that

---

[3] Contrary to Rule 58(a) of the Family Court Rules of Domestic Relations Procedure, which dictates that "[e]very judgment shall be set forth on a separate document[,]" the decision and order in No. 19-249-A. is set forth on a single document, as well as the decision and order for No. 20-79-A. Although this is procedurally infirm, it warrants no further action. For ease of reference, we refer to the two Family Court decisions and orders on appeal as "judgments" at times in this opinion.

plaintiff have supervised visitation with the child at the Family Court and the Providence Children's Museum.[4]

A protracted trial eventually commenced in the Family Court and continued over the course of twenty-one months, from February 2017 to November 2018. There was voluminous testimony and an expansive record. A recurring issue was defendant's insistence that plaintiff was not emotionally and mentally fit to be alone with the child and her assertion that plaintiff could not provide a safe environment. According to defendant, she became afraid of plaintiff in 2015 after an incident where he poked her in the eye while she was holding the child.[5] During her testimony, defendant repeatedly alleged that plaintiff suffers from post-traumatic stress disorder (PTSD), which, defendant asserted, created an unsafe environment for the child. The defendant demanded that plaintiff undergo a comprehensive psychological evaluation to ensure the safety of the child.

On May 30, 2019, the trial justice issued a written decision and order, awarding the parents joint custody, with defendant having physical placement of the child and plaintiff having unsupervised visitation every other weekend, one

[4] The record discloses that plaintiff engaged in supervised visitation with the child at the Family Court from January 2016 through November 2017.

[5] In response to this incident, defendant called the police, and plaintiff was charged with domestic assault and domestic disorderly conduct. As a result, the District Court issued a no-contact order in favor of defendant and against plaintiff. The defendant then sought a restraining order on behalf of herself and the minor child in the Family Court, which was granted and remained in place for one year.

weekday evening per week, and one uninterrupted week of summer vacation (the May 30, 2019 order).[6]

In her decision, the trial justice noted that plaintiff coached students in basketball and track at a prestigious private school in Providence and had a reputation as a good educator and leader of his students. She acknowledged that defendant had been the child's primary caretaker since birth but found that plaintiff "was loving and appropriate with [the child,]" and that the child "was happy when visiting with his father," as set forth in visitation reports from the Family Court's supervised visitation program. The trial justice also found that, since plaintiff's supervised visits with the child outside of the courthouse began, "there was nothing reported other than that [the child] and [plaintiff] had a loving and bonded relationship."

The trial justice noted that "[a] major sticking point" in this case was defendant's "insistence" that plaintiff undergo a neuropsychological evaluation before having any unsupervised visits with the child. The trial justice noted that plaintiff, a war veteran, went to the Veterans Affairs (VA) Hospital for testing and presented the court and defendant with the results of the VA Hospital screening

---

[6] The trial justice further provided for each parent to have full access to the child via telephone at seven o'clock nightly, for the parties to alternate visitation with the child during school vacations, holidays, and the child's birthday each year, and she also provided directives regarding transportation of the child, child support obligations, and claiming the child on tax returns.

(the VA report), "which reported that a neuro-psych exam would not be [a] proper screening for PTSD[.]" Nevertheless, the trial justice acknowledged that the doctor at the VA Hospital screened plaintiff and determined that he did not have PTSD. The defendant refused to accept these findings.

The trial justice categorized defendant's behavior throughout this case to be "unfortunate" and stemming solely from her animosity toward plaintiff. She declared that there was "no doubt" that defendant had made anonymous telephone calls to plaintiff's employer "in an effort to slander" plaintiff. She also found that defendant had "thwarted" plaintiff's visits at the Family Court and resisted letting the child have unfettered contact with his father, which, the trial justice determined, was "counter-productive to fostering the healthy, emotional and social growth of this young boy." The trial justice noted that, because of defendant's "constant placement of obstacles," plaintiff "had to fight for every minute of time with [the child,]" so it was "not surprising that there now exists an incredible amount of acrimony and mistrust" between these parents. The trial justice concluded that plaintiff had "been denied a significant role in these first formative years of [the child's] life[,]" adding that he "needs a father just as much as he needs a mother."

The defendant filed a timely notice of appeal from the May 30, 2019 order (No. 19-249-A.), and was later found in contempt for failure to comply with the

May 30, 2019 order for conduct occurring during a time that the Family Court had jurisdiction over the matter.

## Standard of Review

"When reviewing a decree of the Family Court, the trial justice's findings are afforded great weight, and shall not be disturbed unless they are clearly wrong or unless the trial justice overlooked or misconceived material evidence." *Africano v. Castelli*, 740 A.2d 1251, 1252 (R.I. 1999) (*Africano I*). It is a well-settled principle that "the paramount consideration in cases involving visitation rights or custody disputes is the best interests of the child." *Africano v. Castelli*, 837 A.2d 721, 728 (R.I. 2003) (*Africano II*) (brackets omitted) (quoting *Pacheco v. Bedford*, 787 A.2d 1210, 1213 (R.I. 2002)). "If the Family Court has properly considered what custody arrangements are in the best interests of the child, this Court will not disturb such a discretionary decision." *Africano II*, 837 A.2d at 728 (brackets omitted) (quoting *Pacheco*, 787 A.2d at 1213). The same precept applies to decisions that modify visitation. *Id.*

## Analysis

Before this Court, defendant argues that the trial justice committed reversible error when she: (1) relied on the VA report in her decision even though it was never admitted into evidence; (2) awarded plaintiff unsupervised visitation; and (3) made several erroneous findings of fact.

When a justice of the Family Court is tasked with evaluating the best interests of the child in a given situation, the trial justice should consider: (1) the wishes of the child's parents; (2) the reasonable preference of the child (if he or she is of sufficient intelligence and understanding); (3) the interaction and relationship of the child to the parents; (4) the child's adjustment to his or her home, school, and community; (5) the mental and physical health of the individuals involved; (6) the stability of the child's home life; (7) the moral fitness of the parents; and (8) the willingness of each parent to facilitate a close relationship between the child and the other parent. *Pettinato v. Pettinato*, 582 A.2d 909, 913-14 (R.I. 1990). "No one factor is determinative; rather, the trial justice should consider a combination of and an interaction among all the relevant factors." *Africano II*, 837 A.2d at 728.

After careful review of the record, it is clear to us that the trial justice did not err in her conclusions because there is ample evidentiary support for her careful and detailed findings. In the May 30, 2019 order, the trial justice undertook a comprehensive and thorough review of the testimony, which spans over 830 transcript pages, made seventy-seven findings of fact, issued twenty-five orders, and correctly applied and evaluated each *Pettinato* factor with specificity before concluding that the child's interests would best be served by having both his mother and his father in his life.

The defendant's primary challenge before this Court is evidentiary. The defendant contends that the trial justice erroneously relied on the VA report that stated that plaintiff did not suffer from PTSD because the report was not properly admitted into evidence. This contention is without merit. The plaintiff concedes that, as a *pro se* litigant, he may have made procedural errors in attempting to introduce the VA report into evidence, but he argues that any such errors were corrected when VA Hospital doctors sent certified letters to the courthouse.[7]

The VA report concluded that plaintiff did not suffer from PTSD. The VA report was produced in response to a preliminary diagnosis by Cindy Coite, a psychotherapist with a focus on psychodynamic therapy. Coite opined that plaintiff was quick to anger and suffered to some extent from PTSD associated, in part, with his time in the military. The trial justice rejected this opinion and found that Coite's testimony lacked probative value on that point. She noted that Coite was in fact defendant's counselor and that Coite did not have sufficient access to plaintiff nor his background information to make a diagnosis of PTSD. Notwithstanding defendant's unwavering contention that plaintiff suffered from PTSD, the trial justice determined that there was no credible evidence to show anything but that plaintiff maintained "a stable household and could adequately provide a safe environment for [the child]." We agree.

---

[7] The certified letters to which plaintiff refers are not contained in the record before us; thus, they will not be considered on appeal.

There simply is no evidentiary support in the record establishing that plaintiff suffered from PTSD or any other ailment that would make him a threat to the child's safety. There is no evidence that plaintiff is not a fit and proper parent. The trial justice devoted but one fleeting paragraph of a thirty-three-page decision acknowledging that plaintiff went to the VA Hospital for psychological screening and "[t]he VA reported that [plaintiff] did not suffer from PTSD." Accordingly, the trial justice's reference to the VA report, however slight, is, at best, harmless error and is of no moment to this appeal given the abundant testimony and evidence that she relied upon in reaching her conclusions.

Next, defendant asserts that the trial justice made several erroneous findings of fact. In light of the overwhelming evidence in favor of granting plaintiff additional visitation with his son, none of defendant's claims of erroneous factual findings are of moment. Particularly, the trial justice noted the testimony of Stephanie Costa, the mother of plaintiff's second child, who testified regarding plaintiff's ability to communicate and co-parent effectively; the trial justice found Ms. Costa's testimony credible. The trial justice also emphasized that "all" reports from various visitation supervisors stated that plaintiff is a loving, caring, and appropriate parent.

It is well-settled that

> "this Court affords a great deal of respect to the factual determinations and credibility assessments made by the

judicial officer who has actually observed the human drama that is part and parcel of every trial and who has had an opportunity to appraise witness demeanor and to take into account other realities that cannot be grasped from a reading of a cold record." *State v. Paola*, 59 A.3d 99, 106 (R.I. 2013) (brackets omitted) (quoting *State v. DiCarlo*, 987 A.2d 867, 872 (R.I. 2010)).

The trial justice was entitled to weigh the evidence as she deemed fit and was justified in accepting or rejecting the evidence before her. Accordingly, we hold that the trial justice did not overlook or misconceive material evidence.

Based on the totality of the circumstances and a complete review of the comprehensive evidence before us, we conclude that there is ample support for the trial justice's decision, and we decline to find it erroneous. *See Dupré v. Dupré*, 857 A.2d 242, 257 (R.I. 2004) ("It is the trial justice who is in the best position to determine what factors may be relevant on a case-by-case basis, and his or her discretion in this regard should not be unduly constrained.").

**No. 20-79-A.**

After the docketing of defendant's appeal in No. 19-249-A., plaintiff moved to remand the case to Family Court for a hearing on his motions to adjudge defendant in contempt of the May 30, 2019 order.[8] This Court remanded the case

---

[8] Since the entry of the May 30, 2019 order, plaintiff has filed motions in the Family Court to adjudge defendant in contempt of that order on June 17, 2019, July 9, 2019, September 23, 2019, October 15, 2019, November 5, 2019, December 2, 2019, January 17, 2020, January 31, 2020, August 12, 2020, and October 15, 2020.

"for the sole purpose of the Family Court considering whether the [defendant] is in contempt of the Family Court's decision with respect to visitation[,]" specifically directing that "[t]he Family Court may not exceed the scope of this remand order." The plaintiff then sought to expand the scope of the remand order, which this Court granted, "for the sole purpose of the Family Court considering whether to modify the holiday visitation schedule set forth in its May 30, 2019 [order]."

On December 3, 2019, the Family Court held a hearing to consider the two issues presented on remand. On December 24, 2019, after extensive testimony and careful review of the evidence,[9] the trial justice issued a nineteen-page written decision and order, finding defendant in contempt of the previously entered visitation order (the December 24, 2019 order). Specifically, she found that defendant was in contempt for refusing to allow plaintiff to visit with the child on June 7 through 9, June 21 through 23, July 5 through 7, October 11, and October 25, 2019, and for failing to allow plaintiff to speak to the child on the phone each night, as set forth in the May 30, 2019 order.

The trial justice ordered defendant to pay the costs associated with prosecuting this contempt. The trial justice further directed that, to make up for the visitation that plaintiff lost due to defendant's contemptuous conduct, plaintiff was

_____

[9] After plaintiff rested his case, defendant moved to dismiss plaintiff's motions to adjudge her in contempt, alleging that plaintiff had failed to present clear and convincing evidence to support the motions. The trial justice denied that motion.

awarded an additional week of visitation with the child in each of the months of June, July, and August 2020, "in addition to summer visitation ordered in [the] May 30, 2019 [order]." The trial justice also prohibited each party from recording the other when that parent is interacting with the child. The defendant filed a timely notice of appeal from the December 24, 2019 order (No. 20-79-A.).

## Standard of Review

"The authority to find a party in civil contempt is among the inherent powers of our courts." *Town of Coventry v. Baird Properties, LLC.*, 13 A.3d 614, 621 (R.I. 2011) (quoting *Now Courier, LLC v. Better Carrier Corp.*, 965 A.2d 429, 434 (R.I. 2009)). A contempt finding requires a party to demonstrate, "by clear and convincing evidence, that a sufficiently specific order of the court has been violated." *Id.* This Court accords "great deference to a trial justice's finding of contempt[,]" and we will not disturb those findings unless they are clearly wrong or the trial justice abused his or her discretion. *Id.* Nor will this Court "substitute our reading of the evidence for that of the trial justice if the record supports the [trial] justice's findings." *Now Courier, LLC*, 965 A.2d at 434.

## Analysis

In this appeal, defendant makes several claims of error. She avers that the trial justice erred in (1) finding defendant in contempt of the May 30, 2019 order on various dates prior to September 5, 2019, and in misconceiving evidence

- 12 -

concerning visitation in July 2019; (2) accepting statements and questions posed by plaintiff in his examination of defendant as evidence; (3) considering defendant's unresponsive testimony consisting of denials and lack of recollection as evidence; (4) denying defendant's motion to dismiss the contempt proceeding; and (5) exceeding the scope of this Court's limited remand order by prohibiting the parties from recording each other when interacting with the child.

We begin by noting that on July 9, 2019, this Court issued a partial stay of the May 30, 2019 order as to the child's overnight visitation with plaintiff; this partial stay was vacated by this Court on September 5, 2019. The defendant argues that the trial justice erred when she found defendant in contempt regarding overnight visitation before the stay was lifted on September 5, 2019. The defendant is mistaken. The trial justice clearly and carefully considered the period during which the partial stay was in place and did not declare defendant in contempt at any time during that period. Certainly, before this Court granted a stay of the order on July 9, 2019, there was no stay in effect, nor had the appeal been docketed, and defendant was obliged to comply with the Family Court's directives. She defied those orders. Accordingly, the trial justice's finding of contempt based on defendant's refusal to allow plaintiff to visit with the child on June 7 through 9, June 21 through 23, and July 5 through 7, 2019, was not in contravention of the partial stay.

We now turn to the merits of the trial justice's contempt findings in the December 24, 2019 order. The defendant asserts that her inability on the witness stand to recall whether she provided the child overnight visitation with plaintiff cannot be utilized as evidence against her to support contempt findings. Although defendant's purported failure of memory and her nonresponsive answers cannot serve as evidence of a fact, they can serve as the predicate for a finding of lack of candor.[10] As previously noted, this Court's review of credibility findings is well-settled; we afford the trial justice great deference in this respect. *See Paola*, 59 A.3d at 106.

The trial justice in this case made clear credibility determinations—she found that defendant's testimony, in all respects, was not credible. Specifically, she found that defendant's testimony that plaintiff agreed to give up Friday night visitation was "not credible"; that defendant's professed belief that she was in compliance with the court's order was "disingenuous and not credible"; and that defendant's testimony that she did not recall receiving an e-mail from plaintiff about picking up the child for plaintiff's court-ordered weekend visit was "not credible[.]" The trial justice further found that defendant "took justice into her own hands, willfully ignored the * * * May 30, 2019 [order] when she advised [p]laintiff that she disagreed with the [c]ourt's order and planned on filing an

---

[10] Inconsistent statements, of course, are admissible as substantive evidence in accordance with Rule 801(d)(1)(A) of the Rhode Island Rules of Evidence.

- 14 -

appeal, therefore refusing to allow [p]laintiff his [c]ourt [o]rdered weekend visitation[.]" The trial justice determined that defendant "refus[ed] to let the minor child" visit with his father on June 7 through 9 and June 21 through 23, 2019; "willfully withheld" plaintiff's weekend visitation for July 5 through 7, 2019; "willfully refused" overnight visitation on October 11 and October 25, 2019; and did not allow plaintiff to speak to the child by telephone each night as was required, which the trial justice deemed "evidence of [d]efendant's intent of non-compliance with the [c]ourt [o]rder."

This conduct falls squarely within the realm of contempt and clearly reflects defendant's lack of credibility and willful disregard of the Family Court's orders. Standing alone, defendant's evasive testimony and lack of credibility were sufficient to support the trial justice's finding that defendant was in contempt of the May 30, 2019 order. Accordingly, we are satisfied that the trial justice did not err in her finding of contempt.

We next turn to defendant's suggestion that the trial justice exceeded the scope and duration of the remand order. After a case is docketed on appeal, jurisdiction rests solely with the Supreme Court. Absent a remand, the trial court has no authority to act. *See Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009) ("It is well established that once an appeal has been docketed in this Court, the lower court no longer has jurisdiction."). On occasion, we have been called upon

to remind the trial bench "that the lower courts * * * that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand." *Willis v. Wall*, 941 A.2d 163, 166 (R.I. 2008). In some cases, courts have gone well beyond the limited purpose of the remand. *See, e.g.*, *Sansone v. Morton Machine Works, Inc.*, 957 A.2d 386, 398 (R.I. 2008) (vacating an order that "transgressed the extent of our remand" by entertaining more than the "precise instruction" expressed in the remand order); *Pleasant Management, LLC v. Carrasco*, 960 A.2d 216, 223 (R.I. 2008) (concluding clear error where the trial justice "strayed from the mandate" and considered multiple issues that "were simply not before [him]" on remand). This is not such a case.

The trial justice was confronted with flagrant contemptuous behavior by a party who consistently and defiantly attempted to frustrate or outright disregard the Family Court's order. The trial justice's additional directive, prohibiting the parties from recording one another during the pickup and drop off of the child for visitation, was nothing more than a wise attempt to remedy the contempt and to mitigate the seemingly endless disputes between the parents. This Family Court order was entered while the matter was on remand in that court and did not plow new legal ground or tackle issues that were not squarely in the trial justice's wheelhouse.

We conclude by noting that, despite the defendant's relentless efforts to oust the plaintiff from his son's life, the plaintiff has soldiered on: He has not sought sole custody, nor physical placement; he only seeks to be involved in his son's life. We perceive no barrier to the decision allowing him to do so. We note that joint custody was awarded in this case, and, at the moment, the defendant has physical placement of the child. The defendant should not place that in jeopardy. The defendant cannot place her own interests before her son's, nor may she disregard the directives of the Family Court.

## Conclusion

For the reasons set forth in this opinion, we affirm both judgments of the Family Court in their entirety. The papers in this case may be remanded to the Family Court.

Justice Lynch Prata did not participate.



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Lowell Harris v. Priscilla Evans. |
| **Case Number** | No. 2019-249-Appeal.<br>No. 2020-79-Appeal.<br>(P 15-246M) |
| **Date Opinion Filed** | May 13, 2021 |
| **Justices** | Suttell, C.J. Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Patricia K. Asquith |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lowell Harris, Pro Se<br>For Defendant:<br><br>Jason Dixon Acosta, Esq. |